Goodspeed v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-229-CR

PERCY GOODSPEED APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------ 

MEMORANDUM OPINION
(footnote: 1)

------------

Percy Goodspeed appeals from his conviction for failure to comply with sex offender registration requirements.  In two points, appellant complains that the evidence was insufficient to sustain the guilty verdict because there was a fatal variance between the indictment and the proof at trial and that the variance violated his right to due process because he did not receive proper notice of the charge against him.  We will affirm.

The indictment in this case alleged that, on or about April 6, 2003, appellant intentionally or knowingly failed

to report in person to the local law enforcement authority with whom he last registered under the sex offender registration program, to wit:  Chief of Police of Fort Worth, Texas and to his community supervision and corrections department officer or parole officer and provide . . . his anticipated move date and new address not later than seven days before his intended change of address . . . .
(footnote: 2)

Appellant asserts that the evidence was insufficient because there was no evidence that he failed to report the information to either the chief of police or his community supervision and corrections department officer or parole officer.  But Detective David Rogers testified that police records showed that appellant never went to the police department to meet with any Fort Worth police officer to give an update on his address.  No one at the police department knew that appellant’s address had changed until an officer attempted to verify it a week 
after
 appellant had moved.

This evidence is legally and factually sufficient to sustain appellant’s conviction because it proves that he failed to meet one of the two sex offender registration requirements:  reporting his new address to the Fort Worth Chief of Police.
(footnote: 3)  Accordingly, we overrule appellant’s points and affirm the trial court’s judgment.
(footnote: 4)
 PER CURIAM 

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann.
 art. 62.04(a) (Vernon Supp. 2004-05) (setting out requirements for providing change of address information).

3:
See
 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out legal sufficiency standard); 
see also Zuniga v. State
, 144 S.W.3d 477, 481, 484-85 (Tex. Crim. App. 2004) (setting out factual sufficiency standard).

4:
To the extent that appellant is arguing that there was a fatal variance between the indictment and the proof at trial because there was no evidence that he failed to report to his parole officer, the variance, if any, was neither material nor prejudicial to appellant’s substantial rights.  
See Gollihar v. State,
 46 S.W.3d 243, 257 (Tex. Crim. App. 2001).  The indictment sufficiently informed appellant of the charge against him so that he could present an adequate defense, and he does not complain that the evidence that he had no supervising parole officer to report to prejudiced him in any way.  Moreover, he does not run the risk of being reprosecuted for the April 6, 2003 failure to report.  Therefore, the alleged variance was not fatal.  
See id.